JAMES H. ELMORE, APPELLANT, v. ZIPPORAH D. JAQUES, RESPONDENT.

*Code, § 399 — Advances made to one deceased by his executor — his testimony not admissible as to.*

Where an executor is cited to render an account before the surrogate of his proceedings, neither his testimony nor entries in his books are admissible in support of a claim against the estate, made by him for money advanced by him to the deceased.

APPEAL from a decree of the surrogate of the county of Kings, directing the appellant to pay over certain moneys to the defendant.

The appellant was, in 1871, duly appointed executor of the last

will and testament of Lydia J. Carle, deceased. On the 29th of January, 1873, the respondent, a legatee under said will, procured from the surrogate a citation, requiring the said executor to appear before him and render an account of his proceeding as such executor. From the decree entered upon such accounting, this appeal was taken.

Other facts are stated in the opinion.

*L. S. Chatfield*, for the appellant.

*John D. Pray*, for the respondent.

BARNARD, P. J.:

The first question presented by the appeal in this case, is, whether the executor, Mr. Elmore, could testify as to advances made by him in the lifetime of testatrix. Mr. Elmore had been the manager of the estate of deceased before her death. His custom was proven to have been, to generally render accounts at yearly intervals, and to give a note to deceased for balance of estate existing at date of note. This was done the 11th of February, 1867, and the balance was then $4,242.95. The testatrix died in the fall of 1870. In 1871, the executor took an inventory, and returned the note, with the interest upon it, as due the estate. Upon the accounting, the executor presented a claim against the estate, of $4,867.37, being chiefly for moneys paid to deceased by executor, after the date of the note and before her death, and offered to establish it by his own oath. This evidence was rejected.

The rejection was proper under section 399 of the Code. The claim sought to be established was against the deceased, and the proceeding was, in effect, an action to recover it of her estate. Neither the entry in books, nor the sworn evidence of a party, is admissible as against a deceased person, in regard to a personal transaction had with such deceased person.

The appellant claims that the surrogate should have sustained this claim, without his evidence.

There was proof that deceased occasionally got moneys of executor for her support, and that she had no other means, except what was in executor's hands, beyond about from $300 to $500 per year,

derived from railroad stock. There is also proof that such support would cost from $1,200 to $1,500 per year.

On the other hand, there was the fact that the executor inventoried the claim at its full face and interest, and the further fact, that, during the years previous to the giving of the note in question, the executor had advanced less than $500.

Upon the question of fact, we see no reason to question the conclusion of the surrogate.

Decree affirmed, with costs.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Decree affirmed, with costs.